LAW OFFICES OF S. CHANDLER VISHER
S. Chandler Visher (State Bar No. 52957)
44 Montgomery Street, Suite 3705
San Francisco, California 94104
Telephone: (415) 901-0500, Facsimile: (415) 901-0516
chandler@visherlaw.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CHRISTOPHER N. VISHER and INHERITANCE LOAN COMPANY, a California joint venture partnership,<br><br>           Plaintiffs,<br><br>v.<br><br>ERIK J. ROSE and INHERITANCE LOAN, LLC., a Puerto Rican LLC,<br><br>           Defendants. | No.<br><br>**COMPLAINT FOR BREACH OF FIDUCIARY DUTY, CONVERSION, BREACH OF CONTRACT AND FOR AN ACCOUNTING**<br><br>**JURY DEMANDED** |

## COMPLAINT

1.     Plaintiff Christopher N. Visher ("Visher"), and Inheritance Loan Company, a California joint venture partnership ("Inheritance Loan Company" or "ILC") (Visher and Inheritance Loan Company, collectively, "Plaintiffs"), by their counsel, bring this action against Erik J. Rose ("Rose") and Inheritance Loan, LLC, a Puerto Rican LLC ("Puerto Rican LLC") (Rose and Puerto Rican LLC collectively, "Defendants") to recover for Rose's breach of fiduciary duty to Visher and Inheritance Loan Company, conversion by defendants of Inheritance Loan Company partnership business income, breach of the partnership agreement by Rose; and to require Rose to wind up ILC unfinished partnership business, and provide an accounting of his conduct of the ILC affairs since August 1, 2016.

## THE PARTIES

2.     Plaintiff Inheritance Loan Company was formed as a partnership between plaintiff Christopher N. Visher and defendant Erik J. Rose, in February of 2012 for the purpose of conducting business as Inheritance Loan Company, although it sometimes used the name Inheritance Loan Company, LLC.  Both plaintiffs are citizens of California.

3.     Defendant Rose is the former partner with plaintiff Visher in the Inheritance Loan Company.  Rose is, on information and belief, a citizen of the state of Texas.

4.     Defendant Puerto Rico LLC, a citizen of Puerto Rico, is an entity created by Rose for the purpose of converting the unfinished business of Inheritance Loan Company to his own use, depriving Visher of his rights to ILC profits and using the confiscated profits of Inheritance Loan Company to continue the business of Inheritance Loan Company, using the partnership name, but for the personal benefit of Rose.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction of this Complaint, because there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(d)(2).

6.     Venue is proper in this Court because the events which are the basis for this action took place in this district. 28 U.S.C. § 1391(b)(2).

## INTRADISTRICT ASSIGNMENT

7.     This action arose, for purposes of Civil L.R. 3-2(c), in Alameda County, in this District and is appropriately assigned to the Oakland Division of the Northern District of California.

## BACKGROUND

8.     In early 2012 plaintiff Visher and defendant Rose created a partnership, the Inheritance Loan Company, to carry on a business consisting of purchasing assignments of inheritance expectancies.  The profit of Inheritance Loan Company was to be derived from the difference between the discounted price paid for an inheritance expectancy and the amount realized from the inheritance.

9.     Inheritance Loan Company was originally established with an oral agreement between Visher and Rose in February of 2012.

10.    Shortly after forming the Inheritance Loan Company, the partners established a bank account at Bank of America for the company using the name Inheritance Loan Company, LLC.  Both Visher and Rose were signatories to the Inheritance Loan Company bank account.

11.    In anticipation of the joint venture, Rose:

a.  established Inheritance Loan Company, LLC, a California LLC;

b.  set up a website using the name Inheritance Loan Company; and

c. set up an account at Sales Force for the purpose of using its software to maintain the Inheritance Loan Company customer information and documents used in evaluating client inheritance potential and keeping track of contacts useful for the business.

12.    Rose's contribution to Inheritance Loan Company was, first, the Inheritance Loan Company California LLC, the Inheritance Loan Company website and the Sales Force account, all of which were paid for by Inheritance Loan Company.  Rose also agreed to contribute his full time and effort to perform field work and other sales activities to promote the profitability of the partnership; to maintain the Inheritance Loan Company website (which was the source of all of the Inheritance Loan Company customers, and which operated using the Inheritance Loan Company name); maintain the Inheritance Loan Company, LLC under which name Inheritance Loan Company sometimes operated; and maintain the Sales Force Inheritance Loan Company account.

13.    Visher's contribution to the Inheritance Loan Company was to provide loans to operate the business and pay a draw to Rose for Rose's support while the partnership waited for income, to raise additional funds to finance the inheritance purchases, to be responsible for administrative and financial functions of the Inheritance Loan Company and to pay all expenses of the Inheritance Loan Company until it could become self-supporting.

14.    As of the end of September 2016, ILC's loan debt to Visher was $142,00, plus interest.  As of April 24, 2018, the interest due on the Visher loan was $47,646.

15.     The Inheritance Loan Company assets included the expectancy from the inheritances assigned to it, the contributions of Rose and Visher, loans received to finance the business and the bank account in the name of Inheritance Loan Company, LLC.

16.     The Inheritance Loan Company oral joint venture agreement was confirmed by a written contract between Visher and Rose executed in January of 2013.  A true and correct copy of the January 2013 Inheritance Loan Company contract between Visher and Rose is attached hereto as Exhibit A.

17.     Inheritance Loan Company used Rose's former home address in Oakland as the address of the joint venture, and payments due ILC were sent to that address.

18.     The Inheritance Loan Company written partnership agreement in Exhibit A required Rose to fulfill his obligations to the joint venture and to act in a fiduciary capacity to Visher and Inheritance Loan Company.

19.     The Inheritance Loan Company written partnership agreement provided that the net profits of the Inheritance Loan Company would be divided equally between Visher and Rose.

20.     In violation of his fiduciary duty to Visher and ILC, in August of 2016 Rose converted to himself payments to Inheritance Loan Company from four ILC clients in the total amount of $102,617.  Rose was required to put these ILC payments in the ILC bank account but, instead, converted them to his own use.  These converted payments, because they were not deposited in the ILC bank account, were not included in the ILC P&L figures cited below. Rose used these converted funds to continue the ILC business for his own personal use through the Puerto Rican LLC.

21.     With the exception Rose's August 2016 conversion of payments to ILC,  until October 8, 2016, the Inheritance Loan Company operated as provided in the partnership agreement.  On October 8, 2016 Rose dissolved the Inheritance Loan Company partnership by:

      a.   Withdrawing from the partnership;

      b.   Withdrawing all remaining funds from the Inheritance Loan Company bank account and closing the account;

   c.   Using his role as the administrator of the Salesforce Inheritance Loan Company account to terminate Visher's access to the Inheritance Loan Company's sales data, which included all contact information about Inheritance Loan Company clients, the terms of the inheritance assignments, copies of all the key documents involved in each client's file, as well as all probate court information and information about client attorneys and other persons involved in their inheritance;

   d.   Seizing control of all Inheritance Loan Company mail, including checks making assignment payoffs, and diverting that Inheritance Loan Company income to his own use without consultation with or consent of Visher; and

   e.   Seizing control of the Inheritance Loan Company website and diverting clients seeking Inheritance Loan Company services through the website to his pirated use of Inheritance Loan Company for his own purposes.

22.    On October 8, 2016 the unfinished business of the Inheritance Loan Company consisted primarily of the outstanding assignments of beneficial inheritance interests owned by the company and not yet paid, and the obligation to pay off loans to the company. The Inheritance Loan Company receivables from the unfinished business that existed on October 8, 2016 was $492,000 more than the amounts advanced to purchase those inheritance assignments. One of the expenses that Inheritance Loan Company was obligated to pay from this $492,000 was the loan from Visher.

23.    The Inheritance Loan Company net profit for 2016, based on data available to the plaintiffs' ILC bank records, was $189,276, of which Visher and Rose's share was each 50%, or $94,638.

24.    Visher did not receive any of the $94,638 2016 net profit he was due.

25.    Rose took for himself the entire 2016 net profit of $189,276, which was $94,638 more than he was due.

26.    After dissolving ILC, Rose took control of the partnerships receivables, from which the Visher loan should have been paid, and did not make any payment on the Visher loan.

27.     Rose has refused to communicate with Visher on any Inheritance Loan Company business since October 8, 2016.

28.     Rose created the Puerto Rican LLC on September 8, 2016.  After seizing the Inheritance Loan Company website, Rose used the Inheritance Loan Company website for his own profit by diverting customers to himself and the Puerto Rican LLC.

29.     On information and belief, Rose used the Inheritance Loan Company unfinished business receivables, and the $102,617 he converted to his own use before the dissolution, to fund a continuation of the Inheritance Loan Company business for his personal profit, in part through the Puerto Rican LLC.  Rose changed the Inheritance Loan Company website to refer to the Puerto Rican LLC for some time after October 8, 2106, but today there is no reference to the Puerto Rican LLC and plaintiffs believe Rose has moved his operation of the Inheritance Loan Company to Texas.

30.     Rose has failed and refused to wind up the Inheritance Loan Company, to provide an accounting of the $102,617 he converted to his own use in August of 2016, or to provide Visher an accounting of its business after October 8, 2016.

### FIRST CAUSE OF ACTION

(Breach of Fiduciary Duty by Rose)

31.     Plaintiffs reallege and incorporate paragraphs one through 30 as though fully set forth herein.

32.     The elements of a cause of action for breach of fiduciary duty are: (1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach.

33.     Rose had a fiduciary duty to the plaintiffs by virtue of the Uniform Partnership Act of 1994, Corporations Code § 16404, and the Inheritance Loan Company partnership agreement.

34.     Rose breached his fiduciary duty by, among other things, converting the $102,617 in ILC income to his own use in August of 2016 without depositing it in the ILC bank account, diverting Inheritance Loan Company unfinished business income to himself and the Puerto Rican

LLC; taking Visher's share of the 2016 Inheritance Loan Company net profit; failing to provide an accounting of the Inheritance Loan Company unfinished business; failing to repay Inheritance Loan Company loans, including the one owed to Visher; diverting customers seeking Inheritance Loan Company services through the partnership website to himself for his own personal profit; failing to communicate with Visher about the affairs of the Inheritance Loan Company, of which Rose had taken control; denying Visher access to the Inheritance Loan Company records kept in the Salesforce account; denying Visher access to partnership records in violation of Corporations Code § 16403; denying Visher the right to participate in the winding up of the business and participation in the business while Rose continued the partnership business as a going concern after dissolution, in violation of Corporations Code § 16803; and taking all the funds out of, and closing, the Inheritance Loan Company bank account.

35.     Plaintiffs were damaged by Rose's breaches of his fiduciary duties, including by Rose's conversion of $102,617 of partnership income to his own use without depositing it in the ILC bank account, the loss of the income from the unfinished business, by the loss of Visher's share of the 2016 net profit, by the loss of Visher's share of the unfinished business, and by the failure of Inheritance Loan Company to pay off Visher's loan.

**SECOND CAUSE OF ACTION**

(Conversion by Rose and Puerto Rican LLC)

36.     Plaintiffs reallege and incorporate the above paragraphs one through 30 as though fully set forth herein.

37.     Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiffs' ownership or right to possession of the property; (2) the defendants' conversion by a wrongful act or disposition of property rights; and (3) damages.

38.     The $102,617 in ILC receivables which Rose converted to his own use without depositing them in the ILC bank account were the property of Inheritance Loan Company.

39.     The inheritance loan company receivables from unfinished ILC business were the property of plaintiff Inheritance Loan Company.

40.   Visher's share of the 2016 Inheritance Loan Company net profit was his property.

41.   Rose and Puerto Rican LLC wrongfully took for themselves the August 2016 ILC payments, the 2016 net profit and the ILC unfinished business receivables.

42.   Plaintiffs were damaged by the defendants' conversion of their property.

43.   Rose's conversion of the property of plaintiffs was willful and malicious.

### THIRD CAUSE OF ACTION

(Breach of Contract by Rose)

44.   Plaintiffs reallege and incorporate the above paragraphs one through 30 as though fully set forth herein.

45.   The elements of a breach of contract claim, for both a written and oral contract, are: (1) a contract; (2) its performance; (3) breach and; (4) damages.

46.   The Inheritance Loan Company agreements, both oral and written, provided that Rose had a fiduciary duty to plaintiffs and owed Visher "the highest duty of good faith and fair dealing."

47.   Visher performed all of his obligations under the Inheritance Loan Company agreements.

48.   Rose breached the agreements by converting the August 2016 ILC payments and the ILC unfinished business receivables of Inheritance Loan Company, and by preventing ILC from paying Visher's 2016 profit share.

49.   Rose breached the partnership agreement in violation of Corporations Code §16405.

50.   The plaintiffs were damaged by Rose's breach of contract.

### FOURTH CAUSE OF ACTION

(Accounting by Rose)

51.   Plaintiffs reallege and incorporate the above paragraphs one through 30 as though fully set forth herein.

52.     Rose had a duty to account to the plaintiffs for all activities of inheritance Loan Company after October 8, 2016, as well as ILC payments he converted to his own use in August of 2016.

53.     Rose has failed to provide any accounting of the activities of Inheritance Loan Company for its activities after October 8, 2016 or the August 2016 conversions.

54.     Visher is entitled to an accounting of the Inheritance Loan Company activities after October 8, 2016, including but not limited to an accounting of all income received from unfinished business; the use of all income from unfinished business to continue the Inheritance Loan Company business; the disposition of all assets and income of the Inheritance Loan Company; and the funds converted in August of 2016.

55.     After dissolution of the partnership on October 8, 2016, Rose was required to windup the partnership but failed to do so in violation of Corporations Code § 16807.  As a consequence, the Inheritance Loan Company partnership has not been terminated.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs demand judgment including:

1.      A judgment for damages against Rose for breach of fiduciary duty;

2.      A judgment against Rose and Puerto Rican LLC for conversion, and a determination that the conversion was willful and malicious;

3.      A judgment against Rose for breach of contract;

4.      For an accounting from Rose of the August 2016 conversions and all activities of Inheritance Loan Company after October 8, 2016, and, if necessary, imposing judicial supervision on the winding up;

5.      Pre-judgment interest on all amounts due plaintiffs;

6.      Such other and further relief as this Court may deem proper.

Respectfully submitted,            LAW OFFICES OF S. CHANDLER VISHER


By:____/s/ S. Chandler Visher_____
S. Chandler Visher, Attorneys for plaintiffs

9